UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GPH LOUISVILLE HILLCREEK LLC, *et al.*                         Plaintiffs

v.                                                             Civil Action No. 3:21-cv-63-RGJ

REDWOOD HOLDINGS, LLC, *et al.*                                Defendants

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Plaintiffs/Counterclaim Defendants GPH Louisville Hillcreek LLC; GPH Louisville Camelot LLC; GPH Louisville Mt. Holly LLC; GPH Louisville St. Matthews LLC; GPH Frankfort LLC; GPH Kirtland LLC; GPH Vanceburg LLC; GPH Stanford LLC; and GPH Greensburg LLC (collectively, "Plaintiffs") move for attorneys' fees and costs. [DE 171]. Defendants/Counterclaim Plaintiffs Redwood Holdings, LLC; Hillcreek Leasing, LLC; Camelot Leasing, LLC; Mt. Holly Leasing, LLC; St. Matthews Leasing, LLC; Frankfort Leasing, LLC; Kirtland Leasing, LLC; Vanceburg Leasing, LLC; Stanford Leasing, LLC; Green Hill Leasing, LLC; and Eli M. Gunzburg ("Gunzburg") (collectively, "Defendants") did not respond, and the time to do so has passed. LR 7.1(c) ("[A] party opposing a motion must file a response within 21 days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion."). Having considered the motion and accompanying documentation, Plaintiffs' motion for attorneys' fees and costs is **GRANTED** in part.

### I.   Background

The Court previously issued its findings of fact and conclusions of law following a bench trial. [DE 170]. The Court held that Plaintiffs were entitled to recover from Defendants for (1)

1

breach of the Master Lease's maintenance and repair obligations in the amount of $447,157.58;[1] (2) reimbursement for property condition reports in the amount of $22,500.00; and (3) the remaining principal for unspent capital expenditures in the amount of $43,782.82.[2] [DE 170 at 3852]. In total, this amounts to $513,440.40 in damages. Plaintiffs now move for attorneys' fees and costs, attaching the relevant portions of the lease and guaranty, an affidavit from a lead partner on the case (Matthew C. Williams), an affidavit from Plaintiffs' vice president (Holly Rasmussen-Jones), invoices, time reports, a summary table, interrogatories, emails, documentation from a comparable request for attorneys' fees before this Court, and a proposed order. [DE 171; DE 171-1; DE 171-2; DE 171-3; DE 171-4; DE 171-5; DE 171-6]. Plaintiffs seek $524,941.50 in attorneys' fees and $67,070.24 in costs for a total of $592,011.74. [DE 171 at 3854].

## II. Standard

"Under the *Erie* doctrine, in diversity cases [courts] apply the substantive law of the forum state and federal procedural law." *Hoven v. Walgreen Co.*, 751 F.3d 778, 783 (6th Cir. 2014) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938)). On a motion for attorneys' fees and costs, that means courts "typically apply the forum state's laws regarding attorneys' fees" and "federal law regarding costs[.]" *Miller v. Brightstar Int'l Corp.*, No. 3:20-CV-00313, 2022 WL 17070541, at *3 (M.D. Tenn. Nov. 17, 2022), *report and recommendation adopted*, No. 3:20-CV-00313, 2022 WL 17420371 (M.D. Tenn. Dec. 5, 2022); *see also Hometown Folks, LLC v. S & B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011) ("In diversity cases, attorneys' fees are governed by state law."); *Huntsville Golf Dev., Inc. v. Brindley Const. Co.*, No. 1-08-00006, 2011 WL

---

[1] This is the sum of $121,759.58 for the Clifton Oaks facility water supply, $322,398.00 for the Vanceburg facility settling issues, and $3,000 for the Green Hill facility cooler. [DE 170 at 3852].
[2] The Court also denied Defendants' counterclaim regarding de-licensure of beds at the Kirtland Facility. [DE 170 at 3847–49].

4960421, at *2 (M.D. Tenn. Oct. 18, 2011) ("In this diversity action, the granting of an award of costs is governed by Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.").

### A. Attorneys' Fees

Delaware adheres to the American rule for attorneys' fees, under which "litigants normally are responsible for paying their own attorneys' fees." *Marina View Condo. Ass'n of Unit Owners v. Rehoboth Marina Ventures, LLC*, No. CV 2017-0217-PWG, 2019 WL 6770045, at *2 (Del. Ch. Dec. 2, 2019) (citation omitted), *aff'd*, 244 A.3d 1007 (Del. 2020); *see also Mahani v. Edix Media Grp., Inc.*, 935 A.2d 242, 245 (Del. 2007); *Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F. Supp. 2d 623, 628 (N.D. Ohio 2004), *aff'd*, 195 F. App'x 491 (6th Cir. 2006). Under Delaware Law, "a court may not order the payment of attorney's fees as part of costs to be paid by the losing party unless the payment of such fees is authorized by some provision of statute or contract." *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 370 (Del. Super. Ct. 1982). But "an exception to this rule is found in contract litigation that involves a fee shifting provision," in which case "a trial judge may award the prevailing party all of the costs incurred during litigation" and must "determine whether the fees requested are reasonable." *Mahani*, 935 A.2d at 245. To determine reasonableness, a judge considers the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

*Id.* at 246 (setting forth factors from Delaware Lawyers' Rules of Professional Conduct). The lease fee-shifting provision "governs an award of costs, and the court looks solely to that document in determining which approach to utilize," *Comrie v. Enterasys Networks, Inc.*, No. CIV.A.19254, 2004 WL 936505, at *2 (Del. Ch. Apr. 27, 2004), by "interpreting clear and unambiguous contract terms according to their plain meaning." *Marina View*, 2019 WL 6770045, at *2.

### B. Costs

Federal Rule of Civil Procedure 54(d)(1) authorizes a prevailing party to recover costs other than attorneys' fees. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."). Recoverable costs are limited to those specified by 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)) (courts have "discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate"). § 1920 allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; "[f]ees and disbursements for printing and witnesses"; "[f]ees of the clerk," such as filing fees; "[c]ompensation of court appointed experts"; and "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920.

Courts may decline awarding costs when "'it would be inequitable under all the circumstances in the case.'" *Smith v. Joy Techs., Inc.*, No. 11-CV0-270-ART, 2015 WL 428115, at *1 (E.D. Ky. Feb. 2, 2015) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005)). "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has

'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Smith,* 2015 WL 428115, at *1 (quoting *White & White, Inc.*, 786 F.2d at 730) (alterations in original). "'In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920.'" *Huntsville Golf Dev., Inc.*, 2011 WL 4960421, at *3 (quoting *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995)); *see also Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (because "[t]axable costs are limited to relatively minor, incidental expenses," "modest in scope," and "a fraction of the nontaxable expenses borne by litigants for attorneys," there is "no compelling reason to stretch the ordinary meaning" of § 1920).

### III.   Discussion

In their motion, Plaintiffs seek both attorneys' fees and costs totaling $592,011.74. [DE 171]. "'As the party applying for attorney's fees, [Plaintiffs] [have] the burden of showing [that they are] entitled to such an award by documenting the appropriate time spent on the matter in addition to hourly rates.'" *Pogue v. Northwestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 1520432, at *4 (W.D. Ky. Apr. 25, 2017) (citation omitted). Defendants did not respond to Plaintiffs' motion and therefore have not disputed Plaintiffs' calculation. Nevertheless, the Court undertakes an independent review to ensure Plaintiff's proposed attorneys' fees and costs are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Malkani v. Cunningham*, No. 2020-1004-SG, 2024 WL 807401, at *6 (Del. Ch. Feb. 27, 2024) (deciding to conduct an independent "review of reasonableness" if a request for attorneys' fees remained "unopposed"). The Court analyzes each separately, turning first to attorneys' fees.

### A. *Attorneys' Fees*

First, the Court must determine how the fee-shifting provision in the lease operates.

> **24.5 Attorneys' Fees**. If Landlord or Tenant brings an action or other proceeding against the other to enforce any of the terms, covenants or conditions hereof or any instrument executed pursuant to this Lease, or by reason of any breach or default hereunder or thereunder, the party prevailing in any such action or proceeding and any appeal thereupon shall be paid all of its costs and reasonable outside attorneys' fees incurred therein. In addition to any other amount required to be paid by Tenant to Landlord under this Lease, Tenant shall pay, on behalf of Landlord, or reimburse Landlord for, all out-of-pocket costs or expenses paid or incurred by Landlord, including reasonable attorneys' fees, in connection with administering this Lease and related agreements, including any of the following activities undertaken by, or on behalf of, Landlord under this Lease: (a) the review, execution, negotiation or delivery of any consent, waiver, estoppel, subordination agreement or approval requested of Landlord by Tenant under this Lease, including any request for consent to a Transfer, Alterations, any so-called "landlord's waiver", or any other matter over which Landlord has review or approval rights; (b) the review by Landlord or its representatives of any Plans and Specifications; (c) any assistance provided by Landlord in connection with any protest, appeal or other similar action undertaken by Tenant pursuant to this Lease; (d) the review, execution, negotiation or delivery of any intercreditor, subordination or similar agreement (or any amendment or supplement thereto) permitted pursuant to this Lease; (e) any revisions, extensions, renewals, amendments or "workouts" of this Lease, (f) the enforcement or satisfaction by Landlord of any of Tenant's obligations under this Lease and Guarantor's obligations under the Guaranty, including preparation of notices of an Event of Default and the collection of past due Rent.

[DE 171-1 at 3872]. The provision states that in a proceeding to "enforce any of the terms" of the lease or "by reason of any breach . . . the party prevailing . . . shall be paid all of its costs and reasonable outside attorneys' fees incurred therein." [*Id.*]. Gunzburg's guaranty agreement uses similar "prevailing party" language:

> (b) Guarantor promises to pay all costs of collection or enforcement incurred by Landlord in exercising any remedies provided for in the Lease or this Guaranty whether at law or in equity. If any legal action or proceeding is commenced to interpret or enforce the terms of, or obligations arising out of, this Guaranty, or to recover damages for the breach thereof, the party prevailing in any such action or proceeding shall be entitled to recover from the non-prevailing party all attorneys' fees and reasonable costs and expenses incurred by the prevailing party.

[DE 171-2 at 3884]. Accordingly, the Court finds the plain language "is an all-or-nothing approach involving an inquiry into which party predominated in the litigation." *Comrie*, 2004 WL 936505, at *2; *see also Brandin v. Gottlieb*, No. CIV. A. 14819, 2000 WL 1005954, at *2 (Del. Ch. July 13, 2000) ("Having chosen the common term 'prevailing party,' the parties can be presumed to have intended that that term would be applied by the court as it has traditionally done so. And under any traditional application of the term, [plaintiff's] predominance in the litigation entitles [them] to [attorneys' fees]."). Because a "'prevailing party' is one who has 'prevailed on most of [their] claims,'" Plaintiffs in this case are entitled to attorneys' fees under the fee-shifting provision in the master lease. *Malkani*, 2024 WL 807401, at *5 (quoting *Brandin*, 2000 WL 1005954, at *27).

Given that Plaintiffs are entitled to recover attorneys' fees, the Court must determine whether the amount requested is reasonable. Billing for this case comes exclusively from the Louisville law firm of Fultz Maddox Dickens, PLC ("FMD"). Plaintiffs supplemented their motion with detailed billing statements, an affidavit from a lead partner on the case (Matthew C. Williams), and biographical and hourly fee information for all case staff. For comparison, Plaintiffs rely on a Price Waterhouse Cooper Report ("PwC Report") that this Court used to determine reasonable attorneys' fees in a recent case. [DE 171 at 3863; DE 171-4 at 4024]; *see Honorable Order of Ky Colonels, Inc. v. Ky Colonels Int'l*, No. 3:20-CV-132-RGJ, 2023 WL 7545041 (W.D. Ky. Nov. 13, 2023). Because this Court issued that order less than six months ago, it finds the PwC Report still reliable to determine local market rates. FMD reports that seven attorneys billed time on this case, with their fees ranging from $175 per hour to $495 per hour. [DE 171 at 3861–62]. All of FMD's hourly rates fall under the market averages for attorneys of similar experience levels. For example, Jennifer Metzger Stinnett, a partner with 19–20 years of

experience, billed at an effective rate of $421.38 per hour—well below the $513 and $539 medians for non-equity and equity partners in the PwC Report. [DE 171 at 3861; DE 171-3 at 3890; DE 171-4 at 4024]. Even the highest rate of $495 per hour—charged by Benjamin C. Fultz in 2023, a partner with 29–31 years of experience—is below the PwC Report average of $569 for non-equity partners and $582–$646 for equity partners of similar experience. [DE 171 at 3862; DE 171-3 at 3891; DE 171-4 at 4024]. The Court finds all the FMD attorney hourly rates reasonable based on market averages.

FMD also reports that two non-lawyers billed hours on the case: Tim Wiseheart ("Wiseheart"), a paralegal with 28–30 years of experience, and Walker Morrell ("Morrell"), a summer law clerk. [DE 171 at 3862; DE 171-3 at 3892–93]. Wiseheart billed 173.4 hours at an effective rate of $194.82. [DE 171 at 3862–63; DE 171-3 at 3963]. While this is a higher rate than other paralegals have been awarded, this court has found that another paralegal with similar experience presented a special circumstance. *See Pogue*, 2017 WL 1520432, at *4. In *Pogue*, the court held that paralegal's $190 rate was reasonable considering "[she] is extraordinarily experienced, having worked as a paralegal for 34 years, some 16 of which have been with Wyatt, Tarrant & Combs." *Id*. In *Honorable Order of Kentucky Colonels, Inc.*, the court approved a $230 hourly rate for that same paralegal. 2023 WL 7545041, at *3. Wiseheart is similarly experienced, having been a paralegal for over 30 years working "primarily on commercial litigation matters." [DE 171 at 3863]. Given that Wiseheart's rate is nearly the same as the $190 rate approved in *Pogue* and less than the $230 rate approved in *Honorable Order of Kentucky Colonels, Inc.*, the Court finds Wiseheart's fee was reasonable.

Morrell billed 23.9 hours at a rate of $200 per hour. [DE 171 at 3863–64; DE 171-3 at 3963]. FMD does not provide any independent market data for summer associate rates. Plaintiffs

8

cite *Nelson v. Metalsa Structural Prods., Inc.*, 2022 WL 1922570, at *8 (W.D. Ky. May 19, 2022), in which the court approved a $175 rate for a law clerk. That comports with another case within the Sixth Circuit that held "$175 for non-attorney time to be a generous, but reasonable hourly rate that avoids a windfall." *Waderlow v. Saul*, No. 19-11871, 2021 WL 1811558, at *4 (E.D. Mich. May 6, 2021); *see also Lewis v. Kijakazi,* No. 1:19-CV-00183-GNS-LLK, 2023 WL 395793, at *4 (W.D. Ky. Jan. 25, 2023) (adopting the $175 rate for non-attorneys from *Waderlow*). Plaintiffs argue that the same work would have been performed by another associate at a higher rate if not performed by Morrell because "FMD's rates for associates at the firm in 2023 were in excess of $200[.]" [DE 171 at 3864]. Still, unlike Wiseheart, Morrell has no extensive experience that justifies a departure from a $175 rate for non-attorneys. And although it was not the same year as Morrell worked at the firm, Graham Pilotte, an associate with 0–1 years of experience, charged a rate of $175 in 2021 and an effective rate of $182.66. [DE 171 at 3862–63; DE 171-3 at 3963]. Accordingly, the Court finds that $175 is a reasonable rate for Morrell's services and reduces his rate from $200 to $175.

      The Court reviewed each time entry supplied by FMD and finds them to be reasonable. After reducing Morrell's rate, Plaintiffs' attorneys' fees come to $524,344.00. The remaining "factors set forth in the Delaware Lawyers' Rules of Professional Conduct" also support the reasonableness of FMD's fees. *Mahani*, 935 A.2d at 246. FMD achieved at least a partial victory for Plaintiffs. At trial, Defendants' counterclaim was denied, and Plaintiffs prevailed to some extent on each of their claims. [DE 170 at 3847–49, 3852]. The case required substantial time and labor due to its complexity. While Plaintiffs' attorneys' fees exceed their damages, they avoided owing any damages to Defendants and recovered more than their "last, best, and final offer" of $300,000 lump sum or $400,000 over 18 months, and far more than Defendants' final

settlement offer of $25,000. [DE 171 at 3857; DE 171-3 at 3982, 3985]. Defendants' low final settlement offer forced Plaintiffs to proceed to trial. Other factors—the likelihood of precluding other employment by the FMD lawyers, time limitations imposed by the client or the circumstances, the nature and length of the attorney-client relationship, and the fact that the fees were fixed—do not seem to have any particular relevance to this case, and thus do not support or weaken the reasonableness of FMD's fees. *Mahani*, 935 A.2d at 246. Regardless, Defendants failed to respond or object to any of Plaintiffs' attorneys' fees or costs. As a result, the Court awards Plaintiffs' attorneys' fees in the amount of $524,344.00.

*B. Costs*

FMD reports $67,070.24 in costs. [DE 171 at 3867–68; DE 171-3 at 3895]. While most of FMD's costs are recoverable, some are not. *See* 28 U.S.C. § 1920. First, FMD claims $2,048.20 in photocopying costs. § 1920(4) allows recovery of "the costs of making copies of any materials where the copies are *necessarily* obtained for use in the case." 28 U.S.C. § 1920(4) (emphasis added). FMD has failed to state the need for the copies purchased, so the Court will not award them. *See Thompson v. Quorum Health Res., LLC*, No. 1:06-CV-168, 2010 WL 2044542, at *7 (W.D. Ky. May 21, 2010) ("Because Plaintiff has failed to document copy costs separately and state their necessity, the Court cannot award costs for copies at this time.").

Additionally, costs for service of summons or subpoena are "only taxable when they are initially paid to one of two specified officers of the court: the clerk or the marshal." *Phoenix Versailles Indus. Invs. LLC v. Bourbon Pallet Dreams, LLC*, No. CV 5:23-196-DCR, 2024 WL 476861, at *3 (E.D. Ky. Feb. 7, 2024). For this reason, the Court will not award service fees incurred through certified mail of $141.85. [DE 171 at 3868]. "Postage," "FedEx Costs," and "Shipment of Trial Preparation Materials to Client" similarly do not fall in an enumerated category

of § 1920, so the Court will also not award those costs of $20.16, $37.66, and $136.09, respectively. [*Id.*].

FMD also reports $1,337.48 for "Data Hosting/Document Review Software." [DE 171 at 3868]. While electronic "copying-like costs" related to discovery production are recoverable, "costs for data hosting, document management, and database fees are not taxable under Section 1920(4)." *Consumer Fin. Prot. Bureau v. Weltman, Weinberg & Reis, Co., L.P.A.*, 342 F. Supp. 3d 766, 770 (N.D. Ohio 2018) (quoting *Ma v. Am. Elec. Power, Inc.*, No. 1:13-CV-89, 2017 WL 6422566, at *2 (W.D. Mich. Oct. 23, 2017)). Because Plaintiffs "do not provide any explanation as to why, in this type of case, electronic document management was necessary" and "there is no indication . . . that the costs for . . . 'data hosting' were incurred for the actual copying or imaging," the Court will not award these costs. *Id.* at 770–71

FMD also reports $878.63 for "Travel: Expert Deposition," $648.89 for "Travel: Defendant Depositions," $2,773.23 for "Travel: Plaintiff Depositions," and $34 for "Court Parking." [DE 171-3 at 3895]. But "[c]osts 'for travel and related expenses by attorneys . . . are not listed in 28 U.S.C. § 1920 and therefore may not be reimbursed as costs.'" *Thompson*, 2010 WL 2044542, at *6 (W.D. Ky. May 21, 2010) (quoting *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997)). Therefore, the Court will not award these costs.

Finally, FMD reports sizable costs for expert witness compensation to Bureau Veritas: $18,900.00 for "Expert Review and Report," $7,175.00 for "Deposition of Expert," and $11,200.00 for "Expert Trial Preparation and Attendance." [DE 171 at 3868; DE 171-3 at 3895]. But § 1920 only provides for "[c]ompensation of *court appointed* experts[.]" 28 U.S.C. § 1920(6) (emphasis added); *see L & W Supply Corp. v. Acuity*, 475 F.3d 737, 741 (6th Cir. 2007) ("[E]xpert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920

does not provide for them."); *Melton v. Jewell*, No. 1:02-CV-1242-T/P, 2007 WL 9706346, at *1 (W.D. Tenn. May 3, 2007) ("[S]ection 1920 does not permit taxation of expert witness fees where the Court has not 'appointed' the expert witness."). As a result, the Court will not award these costs.

The Court has reviewed each of FMD's reported costs and finds the remaining items not discussed above to be permissible under § 1920. The permissible costs include:

1. U.S. District Court Filing Fee: $402.00
2. Deposition Transcripts: $847.40
3. Court Reporter for Defendant Depositions: $960.00
4. Deposition Transcripts (Defendant Depositions): $2,526.20
5. Deposition Transcripts/Video (Plaintiff Depositions): $3,212.20
6. Witness Fees: $402.26
7. Pre-Trial Hearing Transcript: $242.00
8. Trial Transcripts: $4,018.80
9. Nicholas Finn Travel Expenses (Trial): $1,575.06
10. Heather Andrews Travel Expenses (Deposition): $1,830.50
11. Heather Andrews Travel Expenses (Pre-Trial Conference): $2,256.87
12. Heather Andrews Travel Expenses (Trial Session 1): $1,671.18
13. Heather Andrews Travel Expenses (Trial Session 2): $1,794.58

[DE 171 at 3868]. After subtracting the impermissible charges, Plaintiffs' costs amount to $21,739.05.

## IV. Conclusion

For the reasons above it is **ORDERED**:

1. Plaintiffs' motion for attorneys' fees and costs [DE 171] is **GRANTED** in part.

2. Defendants are ordered to pay Plaintiffs their attorneys' fees in the amount of $524,344.00. Defendants shall pay those attorneys' fees within **ninety (90) days** of the entry of this order.

3. Defendants are ordered to pay Plaintiffs their costs in the amount of $21,739.05. Defendants shall pay those costs within **ninety (90) days** of the entry of this order.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

May 1, 2024

cc: counsel of record