UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GPH LOUISVILLE HILLCREEK LLC, et al.,     Plaintiffs

v.     Civil Action No. 3:21-cv-63-RGJ

REDWOOD HOLDINGS, LLC, et al.,     Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Plaintiffs GPH Louisville Hillcreek LLC; GPH Louisville Camelot LLC; GPH Louisville Mt. Holly LLC; GPH Louisville St. Matthews LLC; GPH Frankfort LLC; GPH Kirtland LLC; GPH Vanceburg LLC; GPH Stanford LLC; and GPH Greensburg LLC's (collectively, "Plaintiffs") Motion to hold Defendant Eli Gunzburg ("Gunzburg") in Civil Contempt. (DN 181). The Magistrate Judge filed a Report and Recommendation ("R&R") detailing findings of fact and conclusions of law. [DE 186]. Gunzburg's attorney, G. Brenda Coey ("Coey"), timely objected to the R&R's recommendation that Coey be sanctioned for her failure to communicate with the Court and abide by Court orders. [DE 187]. Having reviewed *de novo* the portions of the R&R to which Coey objects, the Court **OVERRULES** Coey's objections and **ADOPTS** the Magistrate Judge's findings of fact and conclusions of law.

**I.    BACKGROUND**

On January 25, 2024, the Court issued Findings of Fact and Conclusions of Law ordering Defendants—including Gunzburg—to pay Plaintiffs $513,440.40 in damages. [DE 170 at 3852]. Plaintiffs later moved for attorney's fees and costs, and on May 1, 2024, the Court entered a Judgment in the amount of $546,083.05 in favor of Plaintiffs against Gunzburg and others,

1

bringing the total Judgment in favor of Plaintiffs to $1,059,523.45. [DE 174].[1] On May 30, 2024, Gunzburg filed a notice of appeal [DE 175], which was dismissed on June 24, 2024 for want of prosecution in the Sixth Circuit Court of Appeals. [DE 177]. Plaintiffs then sought to enforce the Judgment by registering the Judgment in the United States District Court for the Northern District of Ohio and seeking issuance of garnishments out of that court. [*See* DN 181, at 4125 (citing *GPH Louisville Hillcreek LLC v. Redwood Holdings, LLC*, 1:24-mc-33-PAB)]. Plaintiffs maintain that, to date, they "have not received any payments whatsoever," and that Gunzburg has objected to the majority of the garnishments on grounds that "the funds are exempt." [*Id.* at 4125].

Plaintiffs claim that in an effort to "better understand [Gunzburg's] assets and financial transactions" and discover "other potential avenues for collection on the Judgment," they issued post-judgment discovery to Gunzburg. [DE 181 at 4125; DE 181-1]. Specifically, they served the discovery requests on Coey, Gunzburg's counsel, by mail and email on October 23, 2024. [*Id.* at 4125]. On November 22, 2024, Coey requested two-week extension to respond to the Discovery Requests. [*Id.*]. Plaintiffs responded by asking that Gunzburg begin producing documents on November 26, 2024, even if an additional two weeks was needed for written responses. [*Id.* at 4126]. Plaintiffs claim that they did not receive a response, even after sending a follow-up email. [*Id.*]. Accordingly, on January 14, 2025, Plaintiffs filed a motion to compel responses to the discovery requests. [DE 178]. By February 24, 2025, Gunzburg had not responded, so the Court entered an Order requiring him to respond within 14 days of entry of the Order—by March 10, 2024. [DE 180].

---

[1] The R&R states that "[o]n May 1, 2024, the Court entered a Judgment ("the Judgment") in the principal amount of $1,059,523.45 in favor of Plaintiffs against, among others, Gunzburg." [DE 186 at 4165]. While this number accurately reflects the total amount owed by Defendants, the May 1 Judgment only awarded $546,083.05 for attorneys' fees and costs. [DE 174]. The remaining 513,440.40 was awarded as damages when the Court issued its Findings of Fact and Conclusions of Law on January 25, 2024. [DE 170].

When Gunzburg still did not respond, Plaintiffs filed a motion to hold Gunzburg in civil contempt, arguing that Gunzburg attempted to frustrate Plaintiffs' efforts to collect on the Judgment and refused to cooperate with Plaintiffs' multiple discovery requests [DE 181 at 4125–26]. The Court referred the matter to Magistrate Judge Regina Edwards, who found that Gunzburg's conduct constituted disobedience of the February 24 Order and, on May 12, 2025, issued an Order ("Show Cause Order") directing Gunzburg and his counsel of record to appear before the Court on May 29, 2025 to show cause as to why they he not be held in contempt of court. [DE 183]. Judge Edwards specifically noted that "[a]lthough Plaintiffs did not motion for it, the Court reminds Gunzburg's attorneys that they may also be subject to sanctions or contempt for their failure to communicate with the Court and abide by Court orders. *See* Local Rule ("LR") 83.3(c)." [*Id.* at 4160].

The same day the Order to Show Cause was entered, Paul A. Dzenitis, Emily W. Newman, and Rebecca R. Schafer, attorneys at Dzenitis Newman, PLLC (collectively, "Dzenitis Newman"), filed a Notice of Withdrawal as Counsel for Gunzburg and the other Defendants. [DE 184]. They asserted that they were terminated as counsel for Gunzburg on June 20, 2024, the first day of the second week of trial, and that Brenda Coey is the Defendants' attorney of record. [*Id.*] Concerned by their one-year delay in making the Court aware of the change in counsel, the Court ordered Dzenitis Newman to attend the show cause hearing before determining whether to sign an Order for their withdrawal as counsel. [DE 185]. At the hearing, the Court was made aware that Dzenitis Newman withdrew as counsel on the first day of the second week of trial, but that Coey and Gunzburg asked them to wait to formally withdraw until after the Court issued its ruling. [DE 186 at 4168]. Even after the Court issued its ruling, Dzenitis Newman failed to file any notice of withdrawal with the Court. But at the Show Cause hearing, "Coey and Plaintiffs counsel agreed

3

that all counsel and parties, including Gunzburg, were aware and understood that Dzenitis Newman withdrew from representation in this case." [*Id.*]. Also at the hearing, Coey, who appeared *pro hac vice*, asserted that she believed that she had lost her *pro hac vice* status once Dzenitis Newman withdrew from the case. [*Id.* at 4168–69]. That is, she did not respond to discovery requests because she believed that Dzenitis Newman were her sponsoring attorneys and that their withdrawal eliminated her ability to practice in this case. [*Id.* at 4174].

On June 13, 2025, Judge Edwards issued the R&R. [DE 186]. With respect to Gunzburg, she recommended that the Court issue an order (1) granting in part Plaintiffs' motion for contempt; (2) finding Gunzburg in civil contempt of court; and (3) ordering Gunzburg to respond to the discovery requests within 30 days. [*Id.* at 4179]. She further recommended that, if Gunzburg fails to provide thorough and complete responses to the Discovery Requests and produce responsive documents within 30 days of the Court's Order, the Court should issue an Order sanctioning Gunzburg with 3% interest on the Judgment and continue to sanction Gunzburg 3% interest every three months until he complies with the Court's Order. [*Id.*]. While Plaintiffs' motion for civil contempt did not request sanctions on Gunzburg's attorneys, Judge Edwards considered whether sanctions would be appropriate given the "incredible lack of communication in [the] case." [*Id.* at 4173]. With respect to the Dzenitis Newman attorneys, Judge Edwards recommended that the Court issue an order granting their notice of withdrawal. [*Id.* at 4179]. Finally, with respect to Coey, Judge Edwards recommended that the Court issue an order (1) finding Coey in civil contempt of Court; (2) sanctioning Coey to all costs and attorney fees incurred by Plaintiffs in drafting its Motion to Compel and Motion for Contempt and appearing before the Court for the Show Cause hearing; (3) instructing Plaintiffs' counsel to submit their costs and attorney fees

4

within ten days of the Order; and (4) ordering G. Brenda Coey to remit payment within 30 days of the Order. [*Id.*].

In recommending sanctions on Coey, Judge Edwards rejected Coey's argument that she believed she had lost her *pro hac vice* status for several reasons. [DE 186 at 4176–78]. First, local counsel is not necessary in this Court unless explicitly required by the Court, and the Court did not require local counsel in this case. [*Id.* at 4176]. Second, even after Dzenitis Newman ostensibly withdrew, Coey continued representing Gunzburg and requested additional time to respond to Plaintiffs' post-judgment discovery requests, all without communicating to the Court or opposing counsel that she believed she had lost her *pro hac vice* status. [*Id.* at 4177–78]. Third, the Kentucky Supreme Court Rules of Professional Conduct allow an attorney to provide temporary legal services if such services reasonably relate to a proceeding in another jurisdiction in which the lawyer is admitted to practice, and "the legal services provided by participating in Post-Judgment Discovery is reasonably related to the potential proceeding before the Northern District of Ohio, where Plaintiffs registered the Judgment and where Coey is admitted to practice law." [*Id.* at 4176].

Coey thereafter objected to the R&R's recommendation that she be sanctioned to pay all costs and attorney fees incurred by Plaintiffs in drafting its Motion to Compel and Motion for Contempt and appearing before the Court for the Show Cause hearing. [DE 187 at 4182]. She argues that the Court failed to provide her with notice of possible sanctions and an opportunity to be heard. [*Id.* at 4182–83].

## II.    STANDARD

A district court may refer a motion to a magistrate judge for the preparation of a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must promptly conduct the required proceedings . . . [and] enter a recommended disposition, including,

5

if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge then reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court need not review under a *de novo* or any other standard those aspects of the report and recommendation to which no specific objection is made and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 150, 155 (1985).

"[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (*citing Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991)). Likewise, an "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge." *Altyg v. Berryhill*, No. 16-11736, 2017 WL 4296604, at *1 (E.D. Mich. Sept. 28, 2017).

### III.     DISCUSSION

Coey specifically objects to the Magistrate Judge's recommendation that she be sanctioned. Accordingly, the Court will conduct a review of only that portion of the R&R. Coey argues that the Court failed to provide her with notice of possible sanctions and an opportunity to be heard [DE 187 at 4182–83]. She contends that there was "nothing" in the Court's Show Cause Order "to place [her] on notice that she could be subjected to sanctions for Gunzburg's refusal to respond to Plaintiffs' discovery requests." [*Id.* at 4183]. She further maintains that she was not given adequate

opportunity to respond because the motion for sanctions was not directed at her, and thus she did not have the opportunity to submit a responsive brief. [*Id.*].

While a district court may sanction an attorney under its inherent power, "there remain due process concerns in the context of sanctions, and a party or attorney must be afforded notice and an opportunity to be heard." *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 797 F. App'x 1002, 1006 (6th Cir. 2020); *see also NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 377 (6th Cir. 2022). "The district court must give parties facing sanctions minimal procedural protections, but not formal notice detailing the penalties or a full evidentiary hearing." *Banner v. City of Flint*, 99 F. App'x 29, 37 (6th Cir. 2004). When attorneys within a firm are facing sanctions, the court must "provide notice that sanctions [are] being sought against the individual attorneys and not just the firm." *KCI USA, Inc.*, 797 F. App'x at 1006 (citing *Banner*, 99 F. App'x at 37).

First, Coey's argument that the Court failed to put her on notice of possible sanctions is wholly without merit. In the Show Cause Order, Judge Edwards specifically ordered Gunzburg's "counsel of record" to appear before the Court and stated, "the Court reminds Gunzburg's attorneys that they may also be subject to sanctions or contempt for their failure to communicate with the Court and abide by Court orders." [DE 183 at 4160]. Coey nonetheless argues that neither Plaintiffs' motion for sanctions nor the Court's Show Cause Order put her on notice that she could be subject to sanctions because they failed to identify her by name. [DE 187 at 4182]. She cites to *KCI USA, Inc. v. Healthcare Essentials, Inc.* for the contention that attorneys must be identified by name for notice to be considered adequate. [*Id.*]. This case is distinguishable from *KCI* in several ways.

First, in *KCI*, the plaintiff filed a motion for the defendant to show cause as to why it had not complied with discovery requests. *KCI USA, Inc.*, 797 F. App'x at 1005. The motion did not

7

mention the defendant's law firm, Cavitch, or any Cavitch attorneys. *Id.* The court then scheduled a show cause hearing, and only hours before the hearing, the plaintiff filed a new brief attacking the Cavitch firm as a whole. *Id.* At the hearing, the district judge specifically stated that sanctions against Cavitch were not an issue, and "certainly not at this hearing." *Id.* After the hearing, the plaintiff filed a motion for sanctions against the Cavitch firm but did not seek sanctions against the Cavitch attorneys. *Id.* Cavitch filed an opposition and requested an evidentiary hearing. *Id.* The court, however, without holding another hearing, issued a sanctions order against the individual Cavitch attorneys. *Id.* at 1006. In reversing, the Sixth Circuit took issue with the fact that the neither the plaintiff nor the court provided notice "that sanctions were being sought against the individual attorneys and not just the firm." *Id.* In this case, however, the Show Cause Order specifically reminded "Gunzburg's attorneys" that they may be subject for sanctions for "failure to communicate with the Court and abide by Court orders." [DE 183 at 4160]. In other words, it should have been clear from the Show Cause Order that the Court was considering sanctions against individual attorneys and not just a law firm. Moreover, at the show cause hearing, all parties—including Coey—agreed that Dzenitis Newman withdrew from representation before Gunzburg was served post-Judgment discovery requests. This means that Coey was the only remaining counsel for Gunzburg and therefore that she would have been aware that the reference to "attorneys" in the Show Cause Order was directed at her. She then had an opportunity to be heard on the matter at the show cause hearing.

  Second, at this juncture, the Court has not even issued a sanctions order against Coey; Judge Edwards has simply issued an R&R *recommending* sanctions. Coey therefore was given notice of possible sanctions and another "opportunity to be heard" through objection to the recommendations in the R&R. In other words, the R&R itself serves as notice of possible

8

sanctions, and the ability to object serves as the opportunity to be heard. In *Davis v. Bowron*, the Sixth Circuit similarly considered a challenge to a district court order approving a magistrate judge's report and recommendation to impose sanctions on an attorney. 30 F. App'x 373, 374 (6th Cir. 2002). The attorney argued that the district court abused its discretion by imposing sanctions without affording him notice and an opportunity to be heard. *Id.* at 375. The Sixth Circuit rejected this argument and explained that "after the Magistrate Judge recommended that the District Court impose sanctions under 28 U.S.C. § 1927, [the attorney] could no longer argue that he was without notice of the District Court's intention to consider doing so." *Id.* The court also noted that "the fact that he filed objections to the report and recommendation belies his contention that he was not afforded an opportunity to be heard, which is simply the opportunity to make arguments and present evidence, not the right, literally, to speak to the court." *Id.* (citing *Wilson–Simmons v. Lake Cnty. Sheriff's Dep't*, 207 F.3d 818, 822 (6th Cir. 2000)). Here, Coey was likewise presented with notice of possible sanctions by Judge Edwards' R&R and was given an opportunity to be heard by objecting to the recommendations. Much like in *Davis*, the fact that Coey objected to the R&R "belies [her] contention that [she] was not afforded and opportunity to be heard . . . ." *Id.*

Though not clearly set forth, Coey also appears to restate her argument from the show cause hearing that she believed she could no longer practice in this case after Dzenitis Newman withdrew as counsel. [DE 187 at 4183].[2] Judge Edwards already heard and rejected Coey's

---

[2] Coey states only that "[t]he basis for [her] objections is that [she] was not provided notice and an opportunity to be heard before being sanctioned for [Gunzburg's] failure to respond to Plaintiffs' post-judgment discovery requests." [DE 187]. Given that this is the only basis she explicitly asserts, the Court could end its review here. *See Beard v. City of Southfield*, No. 14-13465, 2016 WL 6518490, at *2 (E.D. Mich. Nov. 3, 2016) ("[O]nly specific objections that pinpoint a source of error are entitled to *de novo* review." (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)). However, Coey later suggests that Judge Edwards erred in finding that "Ky. Rule 5.5(c) allowed [Coey] to provide 'temporary legal services' even though [Coey] reasonably believed that local counsel had withdrawn." [DE 187 at 4183]. Thus, though Coey does not frame it as an explicit objection, the Court will consider Coeys' argument that she believed she could no longer represent Gunzburg.

9

argument on this point, and an objection "that merely reiterates arguments previously presented . . . does not adequately identify alleged errors on the part of the magistrate judge . . . ." *Altyg*, 2017 WL 4296604, at *1. Moreover, Coey's actions in this case suggest she believed she was still Gunzburg's counsel after Dzenitis Newman withdrew. Coey was informed during trial that Dzenitis Newman had withdrawn, but she continued with trial and thereafter filed proposed findings of fact [DE 164] and a response to Plaintiffs' proposed findings of fact. [DE 167]. She also paid a *pro hac vice* renewal fee on December 1, 2023 [DE 169] and never expressed concern to the Court or opposing counsel that she had lost *pro hac vice* status until she was faced with sanctions. Then, when served with Plaintiffs' post-judgment discovery requests, Coey asked for an extension of time to answer them on grounds that "unable to finish the discovery responses for the discovery propounded upon [Gunzburg]," rather than claiming that she was unable to proceed as counsel in the case. [DE 188-1].

Further, under this Court's rules, there is no reason that Coey would have lost *pro hac vice* status after local counsel withdrew. Under Local Rule 83.2, an attorney who is not admitted to the Bar of the Western District of Kentucky may represent a party before the Court if (1) the attorney pays the "*pro hac vice* admission fee" to the Clerk of Court; (2) the Court grants leave for the attorney to appear pro hac vice in a particular case; and (3) the attorney pays any applicable renewal fees. LR 83.2(a). Additionally, the attorney must submit a motion to the Court containing, among other requirements, consent to be subject to the jurisdiction and rules of the Kentucky Supreme Court governing professional conduct. LR 83.2(a)(3). Coey paid the *pro hac vice* admission fee [DE 54; DE 169], submitted the appropriate motion to the Court, was granted leave to appear *pro hac vice* [DE 58], and never withdrew from the case. Under the Kentucky Supreme Court rules, an attorney appearing *pro hac vice* need only maintain local co-counsel if the court

10

requires it. Ky. SCR 3.030(2). The Court did not require it here, so there was no reason for Coey to believe she had lost her *pro hac vice* status.

Thus, both of Coey's arguments—that the Court failed to provide notice and opportunity to be heard and that she believed she could no longer provide legal services to Gunzburg—are meritless. Coey does not challenge Judge Edwards' finding that she failed to properly communicate with the Court and abide by Court orders. Because only specific objections to an R&R are entitled to *de novo* review, the Court will not review those findings. *See Mira*, 806 F.2d at 637 (explaining that "[t]he parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider'" and that the "district court need not provide *de novo* review" where the objections are general (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.1982))). Further, because neither Gunzburg nor Coey object to any other portion of the R&R, the Court will adopt the findings of fact and conclusions of law.

Though the Court adopts the findings of fact and conclusions of law set forth in the R&R, it finds it necessary to slightly modify the Magistrate Judge's proposed order to ensure that Coey has an opportunity to challenge the reasonableness of the costs and attorneys' fees submitted by Plaintiffs. Accordingly, the Court modifies the proposed order of the Magistrate Judge by: (1) requiring that Coey pay only "reasonable" costs and attorneys' fees, and (2) ordering Coey to either remit payment *or* object to the reasonableness of the costs and fees within 30 days after Plaintiffs submit their costs and attorneys' fees.

### IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

(1) Coey's objections to the R&R [DE 187] are **OVERRULED.**

11

(2) The Report and Recommendation of the United States Magistrate Judge [DE 186] is **ACCEPTED** as the findings of fact and conclusions of law of this Court.

(3) Plaintiffs' Motion for Contempt [DE 181] is **GRANTED IN PART.**

(4) Gunzburg is found to be in civil contempt of Court and **ORDERED** to respond to the Discovery Requests within **30 days** after entry of this Order.

(5) If Gunzburg fails to provide thorough and complete responses to the Discovery Requests and produce responsive documents within 30 days after entry of this Order, the Court shall issue an Order sanctioning Gunzburg to 3% interest on the Judgment for his continued failure to comply with Court Orders and continue to sanction Gunzburg 3% interest every three months until he complies with the Court's Order.

(6) Paul A. Dzenitis, Emily W. Newman, and Rebecca R. Schafer's Notice of Withdrawal [DE 184] is **GRANTED.**

(7) Coey is found to be in civil contempt of Court and as such is **ORDERED** to pay all reasonable costs and attorney fees incurred by Plaintiffs in drafting its Motion to Compel and Motion for Contempt and appearing before the Court for the Show Cause hearing;

(8) Plaintiffs' counsel is **ORDERED** to submit their costs and attorney fees within 10 days after entry of this Order, and Coey is **ORDERED** to remit payment or object to the reasonableness of the costs and fees within 30 days thereafter.

Rebecca Grady Jennings, District Judge
United States District Court

January 13, 2026