UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| GPH LOUISVILLE HILLCREEK LLC, et al., | Plaintiffs |
| v. | Civil Action No. 3:21-cv-63-RGJ |
| REDWOOD HOLDINGS, LLC, et al., | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Defendant/Judgment Debtor Eli Gunzburgs' ("Gunzburg") emergency motion for reconsideration. [DE 209].[1] Plaintiffs/Judgment Creditors GPH Louisville Hillcreek LLC; GPH Louisville Camelot LLC; GPH Louisville Mt. Holly LLC; GPH Louisville St. Matthews LLC; GPH Frankfort LLC; GPH Kirtland LLC; GPH Vanceburg LLC; GPH Stanford LLC; and GPH Greensburg LLC's (collectively, "Judgment Creditors") have not responded to Gunzburg's motion. Given the expedited timeline of the matter, the Court will rule on Gunzburg's motion without Judgment Creditors' response. For the reasons below, the Court **DENIES** Gunzburg's motion [DE 209] but clarifies its two previous Orders, [DE 206; DE 208], of which Gunzburg seeks reconsideration. Additionally, the Court alters the deadlines set forth in its previous Orders. Judgment Creditors are **ORDERED** to provide notice to the Court of Gunzburg's compliance by **12:00 pm on Tuesday, August 11, 2026**. Gunzburg is **ORDERED** to

---

[1] Since filing his motion to reconsider, Gunzburg has also filed a notice of appeal. "[A] subsequent notice of appeal is . . . ineffective if it is filed while a timely Rule 59 motion is still pending." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 61 (1982); *see also Dixon v. Clem*, 492 F.3d 665 (6th Cir. 2007) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) [e.g., a Rule 59(e) motion to reconsider judgment]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." (quoting Fed. R. App. P. 4(a)(4)(B)(i))). Accordingly, the Court will still rule on Gunzburg's motion to reconsider.

report to the United States Marshals Service by **12:00 pm on Wednesday, August 12, 2026,** unless the Court certifies in writing that Gunzburg has purged contempt.

## I.    BACKGROUND

The protracted, multi-year history of this case provides necessary context for the Court's most recent contempt orders. On May 1, 2024, this Court entered a judgment in the principal amount of $1,059,523.45 in favor of Judgment Creditors against, among others, Gunzburg. [DE 174]. Gunzburg filed a notice of appeal [DE 175], which was later dismissed "for want of prosecution" in the Sixth Circuit Court of Appeals. [DE 177]. Judgment Creditors then sought to enforce the judgment by registering the judgment in the United States District Court for the Northern District of Ohio and seeking issuance of garnishments out of that court. [*See* DN 181, at 4125 (citing *GPH Louisville Hillcreek LLC v. Redwood Holdings, LLC*, 1:24-mc-33-PAB)]. Despite their attempts, Judgment Creditors did not receive payment from Gunzburg. [DE 181 at 4125].

On October 23, 2024, Judgment Creditors issued post-judgment discovery requests to Gunzburg and his attorney, Brenda Coey ("Coey") seeking to locate assets and otherwise understand Gunzburg's financial affairs. [DE 181-1]. When Gunzburg and Coey failed to respond, Judgment Creditors moved to compel responses to the discovery requests in this Court. [DE 178]. On February 24, 2025, the Court granted the motion to compel and ordered Gunzburg to respond within fourteen days after entry of the order. [DE 180]. In doing so, the Court explained that Federal Rule of Civil Procedure 69 permits judgment creditors to "obtain discovery from any person – including the judgment debtor – as provided in these rules" in aid of enforcing the judgment. [*Id.* at 4122 (quoting Fed. R. Civ. P. 69(a)(2))]. The Court also explained that Gunzburg

2

failed to respond to those requests within thirty days, as required by Rule 33. [*Id.* at 4123]. Despite the Court's order, neither Gunzburg nor Coey responded to the discovery requests.

Judgment Creditors, in turn, moved to hold Gunzburg in civil contempt on April 9, 2025. [DE 181]. The Court referred the matter to Magistrate Judge Regina Edwards, who found that Gunzburg's conduct constituted disobedience of the February 24 Court order. [DE 183]. Judge Edwards directed Gunzburg and his counsel of record to appear before the Court on May 29, 2025 to show cause as to why they should not be held in contempt of court. [*Id.* at 4160]. Judge Edwards noted that "[a]lthough [Judgment Creditors] did not motion for it, the Court reminds Gunzburg's attorneys that they may also be subject to sanctions or contempt for their failure to communicate with the Court and abide by Court orders. *See* Local Rule ('LR') 83.3(c)." [*Id.* at 4160].

While Coey appeared at the May 29, 2025 hearing, Gunzburg failed to appear. [DE 186 at 4168]. Coey blamed her failure to engage in discovery on her belief that she could not proceed as *pro hac vice* counsel due to local counsel's withdrawal. [*Id.* at 4168–69]. Coey explained that she and Gunzburg were taking an "active stance" in the Northern District of Ohio, where Judgment Creditors had filed to enforce the judgment. [*Id.* at 4169]. Coey requested additional time to respond to discovery requests. [*Id.*].

After the hearing, Judge Edwards issued a report and recommendation ("R&R") finding that Gunzburg was "in flagrant disregard of a court order"; that is, the Court's February 24, 2025 order requiring Gunzburg to respond to the discovery requests within fourteen days and the Court's May 12, 2025 order requiring Gunzburg to appear at the show cause hearing. [*Id.* at 4171–72]. The R&R also noted that Coey "actively disregarded" the Court's February 24, 2025 order and failed to provide sufficient cause for her failure to communicate with the Court and opposing counsel. [*Id.* at 4178]. Judge Edwards recommended that this Court issue an order (1) granting in part

3

Judgment Creditors' motion for contempt; (2) finding Gunzburg in civil contempt of court; (3) ordering Gunzburg to respond to the discovery requests within 30 days; and (4) sanctioning Gunzburg with 3% interest on the Judgment if he fails to comply and continuing to sanction Gunzburg every three months until he complies with the Court's order. [DE 186 at 4179]. With respect to Coey, Judge Edwards recommended that the Court issue an order finding Coey in civil contempt of Court and sanctioning Coey to all costs and attorney fees incurred by Judgment Creditors in drafting its Motion to Compel and Motion for Contempt and appearing before the Court for the show cause hearing. [*Id.*]. Coey objected to the R&R only to the extent that it recommended sanctions against her. [DE 187 at 4182]. No objection was filed with respect to the recommendation that Gunzburg be held in contempt or sanctioned.

On January 14, 2026, the Court adopted the R&R and entered an order (1) finding Gunzburg in civil contempt and ordering him to respond to discovery requests within 30 days; (2) sanctioning Gunzburg to 3% interest on the judgment if he failed to provide "thorough and complete responses" within 30 days, and ordering that Gunzburg be sanctioned 3% interest every three months until he complies with the Court's Order; and (3) finding Coey in civil contempt and sanctioning her to pay all reasonable costs and attorney's fees incurred by Judgment Creditors in drafting their motion to compel and motion for contempt. [DE 190 at 4486].

Thirty days after the Court issued its order adopting the R&R, Judgment Creditors' counsel emailed Coey to inquire about the responses and documents. [DE 194-3 at 4567]. Coey responded that she was working on responses but "may need the weekend[.]" [*Id.*]. On February 16, 2026, approximately 16 months after the discovery responses were initially served, Coey served an "answer to judgment creditors' first set of post-judgment discovery to judgment debtor Eli Gunzburg." [DE 194-4]. The responses largely evaded the requests or failed to provide thorough,

substantive information. Throughout the responses to interrogatories, Gunzburg stated that he could not recall basic information, such as persons or entities who paid him money or to whom he paid money over the past six years [DE 194-4 at 4574–75], real property in which he held an ownership stake over the past six years [*Id.* at 4575], persons or entities that paid him a salary over the past six years [*Id.*], and legal actions to which he was a party over the past six years [*Id.* at 4583]. In response to the requests for production, Gunzburg produced no documents. [DE 194 at 4502]. Instead, he responded that Judgment Creditors already obtained the documents via subpoena in the Ohio case. [DE 194-4 at 4584–89]. In other instances, Gunzburg stated without elaboration, "I don't have these documents" or simply "none." [*Id.*].

On March 31, 2026, Judgment Creditors filed a renewed motion to compel, for civil contempt, and for sanctions. [DE 194]. The Court ordered Gunzburg and Coey to appear for an in-person hearing on May 13, 2026 to show cause as to why they should not be held in further contempt and sanctioned. [*Id.* at 4766]. At the May 13 hearing, the Court heard sworn testimony from Gunzburg. Gunzburg, again, failed to provide adequate responses to either Judgment Creditors' or the Court's questions. Gunzburg stated he did not know or could not recall basic information, such as how he makes his car payments, [DE 203 at 4934], whether he owns or manages certain businesses, [*Id.* at 4937, 4939, 4942], and how often and how much he is paid by entities for which he performs work [*Id.* at 4939–40]. Judgment Creditors explained that they had discovered significant amounts of information via subpoena which had not been disclosed by Gunzburg in discovery. For instance, Judgment Creditors received bank records from Huntington Bank for an account opened in the name of an entity and for which Gunzburg was the sole signatory. [*Id.* at 4922]. Upon further investigation, Judgment Creditors learned that the entity purchased a $15.3 million office building in the previous year, which had not been reflected in

Gunzburg's responses. [*Id.*]. Judgment Creditors also explained that Gunzburg's minimal interrogatory responses raised further questions. For example, Gunzburg disclosed in an interrogatory response that he had previously owned—but no longer owns—an 11-foot boat, raising the question of whether he sold the boat. When questioned about this on the record, Gunzburg admitted that "the trust took it"—a fact that he failed to disclose in his interrogatory responses. [*Id.* at 4958].

The Court stated on the record that Gunzburg and Coey's responses to the discovery requests were "flippant and inappropriate" and "show[ed] no due diligence." [*Id.* at 4959]. The Court once again found Gunzburg and Coey in civil contempt and explained that continued failure to comply could result in detention. Following the hearing, the Court again ordered Gunzburg to provide thorough and complete responses by Wednesday, June 3, 2026 and continued the matter for a hearing on June 8, 2026. [DE 199].

At the June 8 hearing, Judgment Creditors explained that Gunzburg had provided some documents and supplementary interrogatory responses, but large gaps remained in discovery. For example, he stated that no information as to the $15.3 million office building had been produced. He stated that, while Gunzburg produced some additional information in his interrogatory responses, he failed to provide other information necessary to make sense of the responses. For instance, in response to an interrogatory seeking "compensation information" from certain entities, Gunzburg identified "R&E enterprises -- $300,000 payment," but no additional information about the payment was provided. The Court found that Gunzburg's responses remained incomplete and ordered him to provide complete responses by June 12, 2026. [DE 201].

The Court held its fourth hearing on June 17, 2026, during which Judgment Creditors' counsel stated that Gunzburg had produced documents that generated additional questions and that

6

significant gaps remained. For instance, counsel noted that Gunzburg had still produced no discovery as to the $15.3 million office building, which was purchased by an entity—3401 EP Holdings—for which Gunzburg is the sole bank account signatory. Nor had Gunzburg produced any organizational documents with respect to that entity, despite his role as an officer. Similarly, counsel explained that he had discovered, via subpoena, Gunzburg's 2021 purchase of a $600,000 45-foot yacht. Counsel indicated that Gunzburg had never disclosed this purchase, that it was unclear if the yacht was distinct from the 11-foot boat, and that it was unclear whether Gunzburg remained in possession of the yacht. Counsel further explained that he learned that Gunzburg had taken out a $519,000 loan to pay for the boat, which likewise had not been disclosed. Only at that point did Coey explain that there are two separate boats, both of which are in storage and are titled in the dealer's name, contradicting Gunzburg's prior testimony that a trust had taken possession of the 11-foot boat. Counsel for Judgment Creditors also explained that he had still not received bank statements for entities over which Gunzburg has signatory control, such as Redwood Holdings. Nor had he received evidence from Gunzburg or Coey that they had requested that information from Fifth Third Bank, where the account is located. Accordingly, the Court found that Gunzburg had failed to comply with its order to provide thorough and complete responses. The Court warned Gunzburg that continued failure to comply could result in incarceration. Following the hearing, the Court once again ordered Gunzburg to provide thorough and complete responses to the discovery requests by July 15, 2026, *and* to file in the record a list of all pending requests to third parties by July 15, 2026. [DE 205]. The Court also specifically ordered Gunzburg to produce the boat title, the yacht title, and the storage agreements for both. [*Id.* at 4965]. The Court continued the matter for another hearing on July 21, 2026.

At the July 21 hearing, Judgment Creditors' counsel indicated that Coey had provided additional documents. Once again, however, new information discovered via subpoena revealed that significant items were still outstanding. For instance, counsel explained that the lender on the $15.3 million office building purchase responded to his subpoena, which revealed a new bank account located at Key Bank that had never been disclosed by Gunzburg. Counsel also noted that he had not received any transaction documents regarding that purchase despite the fact that the purchaser—3401 EP Holdings—is owned by 500 Self Ridge Holdings LLC, in which Gunzburg has a 36 percent ownership interest. Nor had Gunzburg provided the operating agreement for 500 Self Ridge Holdings. Moreover, the information provided by the lender revealed a loan—signed by Gunzburg—of $9 million for the office building, indicating that the remaining $6.3 million of the purchase price remained unaccounted for. Counsel explained that he had received no documentation as to the remaining $6.3 million, nor had he received any communications or closing statement as to the transaction. Counsel also indicated that he had not received requested transaction information, such as canceled checks, wire transfer receipts, and other information regarding transactions on bank statements, making it impossible to discern the meaning of many deposits made into Gunzburg's personal accounts. As to the yacht and the boat, counsel for Judgment Creditors explained that he had still not been provided with any information on the boat that was allegedly transferred to the trust, nor had he been provided with the storage agreements for either boat, despite the Court's direct order that Gunzburg provide those documents.

Moreover, the Court noted that Coey had failed to comply with the Court's order to file a list of all pending requests to third parties. The Court explained that this list was necessary because "it's hard to know what is your failure to provide versus what has been requested of a third party and the third party hasn't complied."

8

In short, the July 21 hearing revealed yet another deficient production by Gunzburg. Given that the discovery responses had remained incomplete for over 21 months despite the Court's many previous attempts at securing Gunzburg's compliance through alternative means, the Court found that incarceration was the only remaining tool to compel full compliance. The Court therefore found Gunzburg to be in civil contempt and, on July 22, 2026, ordered: (1) Judgment Creditors to file a list of incomplete interrogatories and document requests by July 23, 2026; (2) Gunzburg and Coey to file in the record a list of all pending requests to third parties, the deadlines given for response dates for each, and a description of any response or communication regarding the requests by August 7, 2026; (3) Gunzburg and Coey to provide complete discovery responses by August 10, 2026 at 12:00 pm; (4) Gunzburg to report to the United States Marshals Service by 12:00 pm on August 10, 2026 and to remain in custody until such time as he purges himself of contempt; (5) that civil contempt can be deemed purged if the Court makes a written certification and that Gunzburg may purge his contempt before 12:00 pm on August 10, 2026. [DE 206]. After Judgment Creditors filed the list of incomplete requests, [DE 207], the Court issued an additional order on July 24, 2026 directing Gunzburg to respond in full to those requests. [DE 208].

Gunzburg now moves for reconsideration of the incarceration provisions of its July 22 and July 24 orders. [DE 209]. Gunzburg has also filed a "notice of steps to comply with discovery" [DE 211], in compliance with the Court's order to provide a list of outstanding requests by August 7, 2026.

## II.    STANDARD

Federal Rule of Civil Procedure 60(b) allows a party to move for relief from a final judgment, order, or proceeding upon various grounds. While "not all contempt orders are final orders, the situation is different when the case stands in a post-judgment posture, here*." Alter*

9

*Domus, LLC v. Winget*, 801 F. Supp. 3d 721, 723 (E.D. Mich. 2025), *aff'd sub nom. Alter Domus (US) LLC v. Winget*, No. 1957, 2026 WL 1895479 (6th Cir. June 15, 2026); *see also McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 500 (6th Cir. 2000). Accordingly, because there has been a final judgment in this case, reconsideration of the contempt orders should be evaluated under Rule 60(b)'s framework. *Alter Domus*, 801 F. Supp. 3d at 723.

Rule 60(b) permits a court to relieve a party from a final judgment, order or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

## III.    DISCUSSION

Gunzburg argues first that new circumstances warrant reconsideration. [DE 209 at 4968]. In support of this, he attaches the affidavit of Benjamin Levi ("Levi"), in which Levi states for the first time that Gunzburg has requested documents relating to the Ohio LLCs and trusts, which Levi has refused to provide. [DE 209-1]. Levi's affidavit states that Gunzburg "has made repeated requests" for such documents but that Levi "elected not to respond to Gunzburg's requests" on the advice of counsel. [*Id.* at 4993]. Gunzburg also maintains that, throughout the Court's various hearings on this matter, "Plaintiffs have represented that Gunzburg has an on-going officer and/or director position with the various Ohio companies" and "Gunzburg has repeatedly stated that he no longer fulfills such a role within the companies." [DE 209 at 4986]. He argues that Levi's affidavit now proves that Gunzburg is not the manager of these companies.

10

Gunzburg's argument that the incarceration order should be vacated based on Levi's affidavit is unavailing for several reasons. First, Levi states that he has "been the Manager of the Ohio Companies since May, 2026" and that before he was manager, "Eli M. Gunzburg was the manager." [DE 209-1 at 4993]. Accordingly, Gunzburg was the manager of the various Ohio Entities listed in the affidavit until May 2026. The discovery requests, originally issued in October 2024, sought information relating to "all entities for which [Gunzburg] [has] been an employee, officer, director, member, partner, shareholder, or owner in the previous 6 years." [DE 178-1 at 4100]. Thus, Levi's status as the current manager of those entities does not relieve Gunzburg of his duty to either produce the requested discovery related to those entities or, at a minimum, provide evidence of the requests he has made to third parties to furnish that discovery. Second, to the extent Gunzburg argues that the Levi affidavit shows Gunzburg's inability to comply with discovery requests related to the Ohio LLCs and Trusts, this does not account for Gunzburg's inability to comply with the remainder of the discovery requests.

While Gunzburg maintains that he is unable to comply with the Court's order because many of the discovery requests are dependent on the cooperation of third parties, Gunzburg may fulfill his obligation to respond to discovery by providing proper notice that he has reached out to the third parties that possess the requested information. The Court previously ordered Gunzburg and Coey to provide this information, [DE 205 at 4965], and they failed to do so. Without this information, it is impossible for the Court to determine whether Gunzburg has simply failed to provide the requested information or whether he has attempted to acquire information but has been prevented from doing so by third parties, an issue the Court noted at the last hearing. To the extent it was unclear in the Court's previous orders, the Court clarifies that Gunzburg may purge contempt by fully responding to the discovery requests, which includes either providing the requested

11

documents and interrogatory responses *or* providing a list of the requests he has made to third parties to obtain such information. The purpose of requiring Coey to provide this list prior to the incarceration date was to permit Judgment Creditors to evaluate what information has not been produced or requested. Gunzburg has now filed that list [DE 211], which Judgment Creditors and the Court will evaluate in determining completeness of the responses.

Next, Gunzburg argues that a "clear error of law warrants reconsideration" because the Court's contempt order equates to a criminal contempt order and thus violates Gunzburg's due process rights. [DE 209 at 4987]. He maintains that the contempt orders serve not to coerce compliance, but to punish Gunzburg. [*Id.*]. He argues that "the vast majority of the allegedly deficient discovery responses rest in the hands of third parties," and "Gunzburg cannot produce what he does not have." [*Id.* at 4987–88]. Because he is incapable of producing these documents, he maintains, compliance is impossible, and incarceration would only serve the purpose of punishment, not coercion. The Court is sympathetic that some of the discovery sought by Judgment Creditors is not immediately accessible to Gunzburg and that he is at the behest of third parties. It is for that exact reason that the Court ordered Coey to file a list of outstanding requests made to third parties, [*see* DE 205 at 4965], which Coey failed to do. As stated above, the Court clarifies that Gunzburg may fulfill his discovery obligations by either producing the requested materials himself or by producing the requests he has made to third parties to obtain such evidence. It is the responsibility of Gunzburg and Coey to request this information and provide a list of those requests to the Court and opposing counsel, as they have been ordered to do. To the extent they argue that insufficient time was given to do so, that is beyond the pale, given the many opportunities the Court has given to provide complete responses.

Third, Gunzburg maintains that the order is ambiguous and fails to account for the many documents Gunzburg has already produced. [DE 209 at 4988–89]. As the many hearings in this case reflect, Gunzburg's evasiveness had made it difficult for Judgment Creditors and the Court to discern exactly what documents he has failed to produce. The more information Gunzburg produces and the more subpoenas that come in, the more it becomes clear that he has *failed* to produce other necessary documents or information.  For instance, at the July 21 hearing, Judgment Creditors' counsel stated that Gunzburg's supplemental responses referenced "payments that were being made to BMO bank for a boat lease of $3,400," but that Gunzburg provided no additional information or documentation about this payment. Similarly, at the July 21 hearing, counsel stated that he learned through subpoena that Gunzburg was the signatory on the $9 million loan used to purchase the office building, but that Gunzburg provided no communications, correspondences, or transaction information about that loan. The Court's order is as specific as it can be given Gunzburg's piecemeal production of documents.

To the extent Gunzburg argues that he should not be required to produce information that Judgment Creditors' counsel has subpoenaed from third parties, [DE 209 at 4989], the Court reminds Gunzburg that he has a personal obligation to pursue that information and provide it to judgment creditors. Gunzburg asks, "why must [he] produce the same information to Plaintiffs that is being produced by the trusts?" [*Id.*]. He must do so because he has a court-ordered obligation, and an obligation under the Federal Rules of Civil Procedure, to respond fully to the discovery requests. [DE 180]; *see also* Fed. R. Civ. P. 69(a)(2) (explaining that a judgment creditor may "obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located" in aid of the judgment); Fed. R. Civ. P. 33(b)(1)–(2) (requiring a party to answer interrogatories "by the party to whom they are

13

directed" within 30 days after being served with them); Fed. R. Civ. P. 34(b)(2) (requiring "the party to whom the request is directed" to produce documents within 30 days after being served). The fact that Judgment Creditors have resorted to alternative means to acquire this information does not relieve him of that duty.

Next, Gunzburg argues that "the conditions to purge contempt are unreachable" before the August 10, 2026 incarceration date because his counsel, Coey, is on vacation and because he is waiting on records from third parties. [*Id.* at 4989–90]. Yet, this post-judgment discovery dispute has been continuing for nearly two years. Gunzburg has had the discovery requests in his possession since October 2024. The Court has granted him many opportunities to obtain the necessary documents or to provide evidence of his attempts to obtain those documents from third parties. Both he and Coey had ample time to ensure Gunzburg's compliance. Finally, he has been warned that the consequence of continued failure to comply could be incarceration. Interestingly, while Coey does not request more time to respond to the discovery requests, she has found ample time to write this motion and seek affidavits from other parties, as well as file an appeal, all to seemingly again avoid producing relevant information.

Last, Gunzburg states that "[t]he July 22 and July 24, 2026 Orders treat every round of 'further questions' as fresh willful defiance, but the record shows the opposite pattern: Gunzburg has produced supplemental responses and documents after each hearing continuance." [*Id.* at 4990]. Yet, none of Gunzburg's incremental responses have constituted full compliance. Each disclosure raises additional questions because Gunzburg's responses have not been fulsome and forth coming.  All these questions have been present since the first hearing on this matter.

Finally, the Court once again states that Gunzburg may provide "thorough and complete responses" as ordered by the Court not only by providing the documents themselves, but by listing

14

the entities from which he has requested the documents.  In other words, Gunzburg may purge contempt even if the third parties have not yet produced the necessary documents. It is his responsibility, however, to request the documents and file notice with the Court of the requests he has made. The Court will take into consideration Gunzburg's list of outstanding requests to third parties [DE 211] in determining whether he has purged contempt.

The Court has considered, *sua sponte*, whether it should grant Gunzburg and Coey an additional extension to respond to the discovery requests despite the lack of a request for such extension. Gunzburg's notice of steps taken to comply with discovery states that he has given a deadline of August 7, 2026 to the third parties from whom he has requested discovery. [DE 211]. In the interest of giving Judgment Creditors time to review the responses to those requests and giving the Court sufficient time to determine Gunzburg's compliance, the Court will extend the deadline for Gunzburg to report to the United States Marshals Service. Judgment Creditors shall file notice as to Gunzburg's compliance or noncompliance (specifying any deficiencies with reference to the discovery request and notice of steps taken) by 12:00 pm on Tuesday, August 11, 2026**.**  Gunzburg is to report to the United States Marshals Service by 12:00 pm on Wednesday, August 12, 2026 unless the Court certifies in writing that Gunzburg has purged contempt.

## IV.    CONCLUSION

For the reasons above, the Court **DENIES** Gunzburg's motion to reconsider, [DE 209], but clarifies and alters its two previous Orders [DE 206; DE 208].

Judgment Creditors are **ORDERED** to provide notice to the Court of Gunzburg's compliance by **12:00 pm on Tuesday, August 11, 2026**.

15

Gunzburg is **ORDERED** to report to the United States Marshals Service by **12:00 pm on Wednesday, August 12, 2026** unless the Court certifies in writing that Gunzburg has purged contempt.

Rebecca Grady Jennings, District Judge

United States District Court

August 7, 2026